UNITED STATES of America,
Plaintiff–Appellee,

v.

McCLATCHY NEWSPAPERS,
INC., dba The Sacramento
Bee Appellant,

Mark Leslie Nathanson, Defendant–
Real party in Interest.

No. 00–10161.
D.C. No. CR–92–00215–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 2000.

Decided Jan. 22, 2001.

Before SCHROEDER, Chief Judge, NOONAN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM [1]

Petition for Writ of Mandamus from the United States District Court for the Eastern District of California Lawrence K. Karlton, District Judge, Presiding

Appellant McClatchy Newspapers, Inc., dba *The Sacramento Bee ("The Bee")*, a non-party in interest to the underlying criminal proceeding, seeks a writ of mandamus to reverse the final post-judgment order entered by the district court in response to *The Bee's* request that the district court unseal three documents relating to a 1994 Fed. R.Crim. Proc. 35 motion that it had informally sealed. We grant the writ, vacate the order, and remand the case to the district court to make factual findings in consideration of whether privacy interests alone justify the redactions.

**1.** This disposition is not appropriate for publication and may not be cited to or by the

## FACTS AND PROCEEDINGS

At a hearing on December 7, 1999, the district court ordered that one of the three documents be unsealed in its entirety and that the other two documents be unsealed after the names of certain individuals were redacted. These latter two documents are proffer letters that defendant Mark Nathanson submitted to the government demonstrating his alleged cooperation with and assistance to the government. Nathanson attached these letters to support his August 24, 1994 Rule 35 motion to reduce his sentence. At the December 7, 1999 hearing, the district court adopted the redactions proposed by the government and by Nathanson.

## ANALYSIS

*The Bee* has a presumed constitutional right of access to the proffer letters that were filed with Nathanson's Rule 35 motion. In *CBS, Inc. v. U.S. District Court for the Central District of California* we recognized a constitutional right of access to "documents filed in support of motions for reduction of sentence," holding that because "nothing in [Rule 35]'s language, history, or judicial interpretation" suggests a presumption of confidentiality, "the general presumption of openness will prevail." 765 F.2d 823, 826 (9th Cir.1985). The government's attempt to characterize the proffer letters as atypical Rule 35 documents, likening them to confidential grand jury materials, is unpersuasive. Because the presumption of openness attached to the proffer letters when Nathanson filed them in support of his Rule 35 motion, the district court's order unsealing redacted versions of the proffer letters must survive a strict scrutiny.

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

In reviewing an order denying access to presumptively open court documents, we require the satisfaction of "both the procedural and the substantive requirements of the first amendment." *Oregonian Publishing Co. v. U.S. District Court for the District of Oregon*, 920 F.2d 1462, 1466 (9th Cir.1990). Presumptively open court records can be closed only if: (1) closing them serves a compelling interest; (2) there is a substantial probability that, in the absence of closing them, this compelling interest would be harmed; and (3) there are no alternatives to closing them that would adequately protect the compelling interest. *Oregonian Publishing*, 920 F.2d at 1466 (citing *Press–Enterprise Co. v. Superior Court of California for the County of Riverside*, 478 U.S. 1, 13–14, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986)). "The court may not base its decision on conclusory assertions alone, but must make specific factual findings ." *Id.* (citing *Press–Enterprise*, 478 U.S. at 13–15).

Here, the district court's findings, stated in their entirety, were:

> The interest to be preserved, among other things, are the safety of the defendant, his well-being. And also the reputation of other people that the government has concluded there is no evidence to suggest were guilty of crimes but were nevertheless accused of crimes. Both of those, it appears to me, to be sufficient to justify the redaction.

The district court's reliance on the first interest was in error since the government concedes that it is unable to identify specific facts indicating that Nathanson's safety would be in greater jeopardy should each of the proffer letters be unsealed in its entirety. Nor did the district court identify any facts. Indeed, the district court did not identify any facts whatsoever to support its redactions under either allegedly compelling interest. Thus, whether the reputational interest cited by the district court is a compelling interest that overcomes the presumed right of access and justifies the redactions is a question that we cannot answer because the district court failed to "make specific factual findings" capable of appellate review. *Id.*

Mandamus is an "extraordinary remedy" that should be invoked only in "exceptional circumstances." *See id.* at 1464. The guidelines for determining whether mandamus relief is appropriate are:

> (1) whether the petitioner has no other adequate means, such as direct appeal, to obtain the requested relief;
> (2) whether the damage or prejudice to the petitioner is such that it will not be correctable on appeal;
> (3) whether the district court's order is clearly erroneous as a matter of law;
> (4) whether the district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules; and
> (5) whether the district court's order raises new and important problems or issues of first impression.

*Bauman v. U.S. District Court*, 557 F.2d 650, 654–55 (9th Cir.1977). "[R]arely if ever will a case arise where all the guidelines point in the same direction or even where each guideline is applicable. The considerations are cumulative and proper disposition will often require a balancing of conflicting indicators." *Id.* at 655. However, although all five factors need not be satisfied in order for mandamus to issue, "it is clear that the third factor, the existence of clear error as a matter of law, is dispositive." *Calderon v. U.S. District Court for the Northern District of California*, 134 F.3d 981, 983–84 (9th Cir.1998).

Here, because *The Bee* as a non-party-in-interest intervenor lacks standing

to appeal the district court's order, the first and second factors are satisfied. The third factor is also satisfied. The district court erred as a matter of law by failing to apply the evidentiary requirements of *Press–Enterprise,* 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986).

We grant *The Bee*'s petition for a writ of mandamus and remand the case for the district court to consider whether the privacy interest of third parties, by itself, justified the redactions.

The order of the district court is VA-CATED and the case is REMANDED for proceedings consistent with this memorandum.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.